10168

ADAMS *ET AL.* v. HARDIN MOTOR CO.

(98 S. E. 381.)

DAMAGES—SPECIAL DAMAGES—EVIDENCE.—In action for actual and special damages for failure to repair automobile within time agreed upon, evidence *held* to show no basis upon which jury could estimate special damages as to loss of profits.

Before WHALEY, County Judge, Richland, —— term, 1918. Reversed and sent back for order of nonsuit.

Action by Jess Adams and another against the Hardin Motor Company. Judgment for plaintiffs, and defendant appeals.

*Messrs. J. Hughes Cooper* and *Wm. N. Graydon,* for appellant. *Mr. Graydon* submits: *The motion for a nonsuit as to special damages ought to have been granted. In order to recover special damages for the breach of a contract, it is necessary to allege and prove that the defendant had notice, at the time of making the contract, of the special circumstances from which the damages might reasonably be expected to result:* 83 S. C. 501; 89 S. C. 483. *Loss of prospective profits cannot be recovered as special damages·*

81 S. C. 181; 139 U. S. 139; 35 L. Ed. 147. *An inconsistent charge, one part contradictory to the other, is error:* 102 S. C. 413.

*Mr. C. S. Monteith,* for respondent.

February 24, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

There is evidence in the record that one Lula Niles owned an automobile and left it with the defendant, in October, 1917; that the defendant agreed to do the work within a week or ten days; that a few days thereafter the plaintiffs bought the automobile and went to see the defendant, and notified it that he had bought the car, and that the defendant's agent renewed the promise to do the work within the ten days; that the defendant was notified that the automobile was to be used in the transfer business in the city of Columbia; that the defendant did not complete the repairs and deliver the car until the 23d January, 1918. This action is brought for "actual and special damages," for the failure to repair the said car in the time agreed upon.

There are eight exceptions, but appellant treats the first four together, and thus states the question:

1. "We submit that the motion for a nonsuit as to special damages ought to have been granted. In order to recover for special damages for the breach of a contract, it is necessary to allege and prove that the defendant had notice, at the time of making the contract, of the special circumstances from which the damages might reasonably be expected to result." It is true that the first contract was made with Lula Niles, but there is evidence from which the jury might have found that the plaintiffs and the defendant made a new contract, after the purchase, containing the same provisions. If the jury took that view of the evidence, then it was a new contract, and there was evidence that the defendant was

notified of the special circumstances at the time of the making of the new contract between the plaintiff and the defendant.

2. The second ground for a nonsuit was that there was no evidence as to special damages upon which to base a verdict. This exception must be sustained. The plaintiff said that he had "never run a transfer, and did not know what transfer people made." It is true he said he thought "that a car running in good order could clear $10 to $15 a day." That was a mere opinion, based on nothing. Joel Jackson, another witness for the plaintiff, who was in the "transfer" business, said that for three days he had rented his car to some drummers for $15 per day. Those were exceptional days, and could form no basis from which the rental value of an automobile could be inferred. The record shows no basis from which the jury would have estimated the special damages.

The other questions need not be considered, as the judgment must be set aside.

The judgment is reversed, and the case is sent back to have a nonsuit entered.

MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.